Bertha W. Kowalski *vs.* Arthur Mather et als.

First Judicial District, Hartford, January Term, 1931.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 9th—decided January 27th, 1931.

*Reuben Taylor,* with whom was *William M. Pomeranz,* for the appellants (defendants).

*Frederick J. Rundbaken* and *Morris Blumer,* for the appellee (plaintiff).

Per Curiam. The plaintiff purchased from the defendant Mather a lot one hundred feet front by two hundred feet deep lying in the southwest corner of a considerable farm owned by him and bounded on the north and east by other land forming a part of the farm. The deed contained this provision: "The grantor herein reserves the right to pass and repass over the rear of the northerly 30 feet in width of the herein conveyed premises for a depth of about 70 feet for a term of 20 years from the date hereof." There was then in existence a driveway over a portion of the land described in this provision, but it evidently was

not co-extensive with the right of way created in the deed. That right is, therefore, in the absence of a showing of a sufficient contrary intent, to be treated as a reservation and not an exception. *Bryan* v. *Bradley,* 16 Conn. 474, 482; *Knowlton* v. *New York, N. H. & H. R. Co.,* 72 Conn. 188, 192, 44 Atl. 8; 4 Thompson on Real Property, §§ 3255, 3256. The words used, making no mention of heirs and assigns, are adapted rather to the creation of a personal right than one appurtenant to the land retained by Mather and while this is not conclusive, it must control unless a contrary intent appears when the words are read in the light of the surrounding circumstances. *Chappell* v. *New York, N. H. & H. R. Co.,* 62 Conn. 195, 203, 24 Atl. 997; *Knowlton* v. *New York, N. H. & H. R. Co., supra.* When the facts found by the trial court are considered, its conclusion that the provision did not create a right of way which was appurtenant to the land retained by him and which would pass to his grantees is one which it could reasonably reach. It is true that the testimony indicates that Mather had in mind the use by his wife as well as by himself of the way reserved, but in considering that testimony the fact that the reservation mentions only him justifies the finding that he was seeking protection against disturbance in his accustomed use of the premises during his life. No corrections can be made in the finding which could affect the result reached by the trial court.

There is no error.